FILED
SUPERIOR COURT
OF GUAM

2025 SEP 30 PM 2: 58

CLERK OF COURT

BY:_____/om_____

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| ATTORNEY MICHAEL PHILLIPS, SPECIAL ADMINISTRATOR, ON BEHALF OF THE ESTATE OF LUKE IMAIZUMI ATOIGUE,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, GUAM POLICE DEPARTMENT AND DOES 1-10,<br><br>Defendants. | CIVIL CASE NO. <u>CV0218-25</u><br><br><br>DECISION AND ORDER<br>(Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike) |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on July 22, 2025, for a Motion Hearing on Defendants' Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike. Assistant Attorney General J. Matthew Strader represented Defendants Government of Guam (hereinafter "GovGuam") and Guam Police Department (hereinafter "GPD"). Attorney Michael Phillips appeared on behalf of the Estate of Luke Imaizumi Atoigue (hereinafter "Plaintiff"). However, the Court does not believe argument is necessary and took this matter under advisement on the filings. After reviewing the record, the relevant law, and the arguments from the parties, the Court finds that Plaintiff has sufficiently pled a set of facts that could entitle it to relief on two of the five claims against GovGuam and GPD. Therefore, the Motion to Dismiss is

1

**DENIED in part and GRANTED in part**. The Court **DENIES** Defendants' Motion for a More Definite Statement. Additionally, the Court **DENIES in part and GRANTS in part** the Defendants' Motion to Strike.

## BACKGROUND

This matter stems from a police shooting incident which resulted in the death of Luke Atoigue. Both parties assert that a police officer shot and killed Luke Imaizumi Atoigue on or about April 8, 2022. Mr. Atoigue was in psychological distress at the time and Plaintiff alleges that police were made aware of this distress when they were called to the scene. Mr. Atoigue at the time of the shooting was surrounded by police officers who were flashing lights, honking, and using sirens. Defendants allege that Mr. Atoigue had an object in his hand, which appeared to be a gun to police officers on the scene. One of the officers on scene, Police Officer #1, shot and killed Mr. Atoigue. No other officer on the scene is alleged to have shot at Mr. Atoigue.

Plaintiff alleged five (5) causes of action against all Defendants in the Complaint, including: 1) negligence by Police Officer #1 who shot and killed Mr. Atoigue; 2) negligent conduct by all police officers on the scene in their use of lights and sound; 3) negligence by all police officers on the scene in their pre-shooting conduct; 4) negligent formation or implementation of police operating procedure; and 5) failure to train. GovGuam and GPD filed their Motion to Dismiss on May 30, 2025, arguing that 1) the Government is shielded from litigation in this matter because the officer who shot Mr. Atoigue could not have done so negligently, 2) even if the actions of the police officer were negligent, the Plaintiff is precluded from relief because the Plaintiff is more than fifty percent at fault for their death, 3) GPD owes no special duty to anyone prior to disarming them, 4) GovGuam and GPD cannot be liable for Police Officer #1's actions by the means of negligent policy, and 5) the Americans with Disabilities Act

2

(hereinafter "ADA") does not apply before police officers secure a scene. Defendants also argued in the same motion that Plaintiff's Fifth Cause of Action, failure to train, is not sufficiently definite to allow Defendants to answer the claim and, therefore, moved for a more definite statement. Additionally, Defendants moved to strike from the record any mention by Plaintiff regarding alleged instances of police violence against Chamorros, Chuukese and the mentally ill. Plaintiff filed its Opposition to the Motion to Dismiss on June 27, 2025. Defendants filed their Reply on July 11, 2025.

**DISCUSSION**

The Court will follow the structure of Defendants' Motion to Dismiss. First, the Court will address Defendants' Motion to Dismiss under Rule 12(b)(6) and address each of Plaintiff's five causes of action. Then the Court will address Defendants' Motion for a More Definite Statement in regards to the Plaintiff's Fifth Cause of Action under Rule 12(e). And finally, the Court will address Defendants' Motion to Strike.

1. **Plaintiff's First and Fifth Causes of Action are sufficient to prove a set of facts that would support a claim upon which relief could be granted in accordance with Rule 12(b)(6), but Plaintiff failed to prove such facts for the Second, Third, and Fourth Causes of Action.**

   "A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

   a. **Plaintiff sufficiently pled the First Cause of Action, a negligence claim, against Police Officer #1 because it is possible Police Officer #1 breached his or her**

3

**duty of ordinary care owed to Mr. Atoigue which resulted in Mr. Atoigue's death.**

Plaintiff alleges that Police Officer #1 negligently shot Mr. Atoigue on or about April 8, 2022. In their motion to dismiss, Defendants assert that Plaintiff cannot allege negligence on the part of Police Officer #1 when the shooting was intentional. Defendants state that a fatal shooting by Police Officer #1 could not be negligent and would be an intentional use of force in self-defense. Thus, Defendants argue that GovGuam, GPD, and the other defendants would be immune from litigation in this case because the Guam legislature has not waived sovereign immunity in intentional tort cases. *Wood v. Guam Power Auth.*, 2000 Guam 18 ¶ 4. In the alternative, Defendants argue that even if Police Officer #1 acted negligently, Mr. Atoigue would be more than 50 percent at fault for his own death due to having a gun-like object in his hand. 18 G.C.A. § 90108 (establishing that contributory negligence greater than 50 percent bars a negligence claim). The Court disagrees with both assertions.

> **i. Plaintiff is not barred by sovereign immunity from bringing the First Cause of Action against Police Officer #1 because Plaintiff's allegation that Police Officer #1 acted negligently is a possible fact pattern.**

Whether an act is negligent or intentional is determined by a multifactor test based on the facts of the case. *Nissan Motor Corp. v. Sea Star Grp. Inc.*, 2002 Guam 5 ¶ 11. These factors include the following:

> [T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*Id.*; *see also Rowland v. Christian*, 443 P.2d 561, 564 (Cal. 1968).

Although there does seem to be a possibility that the shooting of Mr. Atoigue was an intentional act of self-defense, there is also a possibility that Police Officer #1 negligently pulled

4

the trigger on his or her gun and shot Mr. Atoigue. The Court can only dismiss this cause of action if Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano*, 2008 Guam 12 at ¶ 9. Construing the pleading in the light most favorable to Plaintiff, the Court finds that Plaintiff has shown there is a set of facts that would entitle it to relief. *First Hawaiian Bank*, 2007 Guam 2 at ¶ 9. There is no evidence in the pleadings to conclusively show that Police Officer #1 pulled the trigger on his gun intentionally. Discovery is needed to understand what led to Mr. Atoigue's shooting to determine whether Police Officer #1 pulled the trigger intentionally. Thus, the Court **DENIES** Defendants' motion to dismiss the first cause of action based on this theory.

### ii. Plaintiff is not barred from bringing the First Cause of Action against Police Officer #1 based on Mr. Atoigue being more than 50 percent at fault for his own death because it is possible Mr. Atoigue was not 50 percent at fault for his own death based on the pleadings.

To recover under a theory of negligence under Guam law, Plaintiff must establish "the existence of a duty, the breach of such duty, causation and damages." *Guerrero v. McDonalds Int'l Prop. Co.*, 2006 Guam 2 ¶ 9. Guam has waived sovereign immunity for negligent torts; thus, the negligent actions of its officers are not shielded by sovereign immunity. 5 G.C.A. § 6105(b). To establish that a duty existed, plaintiffs must show that there was a duty recognized by law that required "the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks of harm." *Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶ 14; *see Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 12. In general, while individuals do not owe each other a special duty, individuals do owe each other a duty of ordinary care not to cause unreasonable risk of harm. *See Fenwick*, 2009 Guam 1 at ¶ 53–55 (discussing, with approval, Jury instructions defining a duty of ordinary care as whether one's actions caused unreasonable risk). A breach of duty occurs when an actor does not conform to that standard. *Merchant*, 1998 Guam 26 at ¶ 14.

5

That breach of duty must have been shown to be both the proximate and actual cause of the plaintiff's injuries. *Id.* And the plaintiff must show that they suffered "actual loss or damage." *Id.* A plaintiff is barred from recovery in a negligence claim if that plaintiff contributed to the cause of their injuries and is more than 50 percent at fault for their injuries. 18 G.C.A. §90108

At issue here is whether Police Officer #1 owed a duty to Mr. Atoigue because the bullet wound from the shooting clearly caused Plaintiff proximate and actual harm, namely the death of Mr. Atoigue. Police officers have no special duty to the public, but they do have a duty of ordinary care to others not to cause unreasonable risk of harm. *Fenwick*, 2009 Guam 1 at ¶ 53–55. Complying with a duty of ordinary care may have different sets of facts for a police officer in comparison to a pedestrian because of the obligations police officers hold to protect the public from danger. But, regardless, police officers are still subject to a duty of ordinary care. Police Officer #1 owed such a duty to Mr. Atoigue. Plaintiff alleges some facts that could suggest that Police Officer #1 breached that duty. Plaintiff alleged that Police Officer #1 was the only officer to pull the trigger of their gun. Plaintiff alleged that the call preceding police contact with Mr. Atoigue described Mr. Atoigue as being mentally distressed. These facts suggest that police did not intend to harm Mr. Atoigue and that it is possible Police Officer #1 acted with negligence. Thus, Plaintiff has met its burden to show there is a set of facts that it could use to allege that Police Officer #1 negligently shot Mr. Atoigue resulting in his death.

Considering the facts in the pleadings in the light most favorable to the Plaintiff, the Court finds that Plaintiff showed that Mr. Atoigue was less than 50 percent at fault for his injuries. *First Hawaiian Bank*, 2007 Guam 2 at ¶ 9. Defendants' reasoning that Mr. Atoigue is more than 50 percent at fault for his death rests on the idea that he was holding a gun-like object in his hand at the time of the shooting. It is unclear to the Court what object Mr. Atoigue was holding or if Mr.

Atoigue was holding an object at all. And, even if Mr. Atoigue was holding an object, even a gun-like object, it is possible that the object did not proximately or directly cause Mr. Atoigue's death. Plaintiff's pleadings point to facts that show there could be other reasons for the shooting to have occurred that have nothing to do with what Mr. Atoigue had in his hands or his actions during the time preceding the shooting. These facts include heightened tension due to the amount of police officers that surrounded Mr. Atoigue and the fact that only Police Officer #1 discharged his or her weapon. Thus, Plaintiffs have shown that there could be set of facts to support their claim in this cause of action, which is sufficient to meet their burden at this stage in the litigation.

Therefore, Defendants' Motion to Dismiss is **DENIED** concerning Plaintiff's First Cause of Action.

**b. Plaintiff failed to state the Second Cause of Action, a negligence claim based on police officers' use of light and sound, because Plaintiff cannot show that is possible police use of light and sound breaches a duty of care toward Mr. Atoigue.**

Plaintiff alleges in its complaint that the police officers involved in the shooting resulting in Mr. Atoigue's death had a duty to operate their vehicles in a reasonable manner. Plaintiff alleges that police officers failed that duty by honking and flashing lights at Mr. Atoigue. Defendants argue that the police officers had no duty to Mr. Atoigue when securing the scene and ensuring their own safety. In the alternative, Defendants argue that even if there was a duty to Mr. Atoigue to operate their vehicle in a reasonable manner, the use of lights and sound are not a violation of the officers' duty of care under a common law negligence theory. The Court agrees.

Although, as stated earlier, police officers have a duty of ordinary care not to cause unreasonable risk of harm, whether a police officer breached that duty is still an element Plaintiff must prove. And even construing the pleadings in favor of Plaintiff, the Court finds no facts that could establish that flashing lights or use of sirens would be a breach of the police officers' duty

7

of ordinary care to Mr. Atoigue. Plaintiff has provided no explanation as to why flashing lights and sirens would be foreseeably aggravating to Mr. Atoigue or how these actions would breach the police officers' duty of care towards Mr. Atoigue.

Therefore, Defendants' Motion to Dismiss is **GRANTED** concerning Plaintiff's Second Cause of Action.

### c. Plaintiff failed to state the Third Cause of Action, a negligence claim based on police officers' pre-shooting conduct, because police officers had no affirmative duty towards Mr. Atoigue.

Plaintiff alleges in its complaint that officers acted negligently towards Mr. Atoigue leading to his death by not first talking Mr. Atoigue down from the situation. Defendants argue that police officers had no duty to Mr. Atoigue when securing the scene and ensuring their own safety. And, even if there was a duty to Mr. Atoigue, the officers' conduct did not breach that duty. The Court agrees.

While the officers owed Mr. Atoigue a duty of ordinary care, that duty is not an affirmative duty. *Fenwick*, 2009 Guam 1 at ¶ 53–55. Officers had no duty to speak with Mr. Atoigue and Plaintiff does not assert any special relationship that would require officers to speak with Mr. Atoigue. Thus, Plaintiff offers no evidence of a breach of the police officers' duty of ordinary care.

Therefore, Defendants' Motion to Dismiss is **GRANTED** concerning Plaintiff's Third Cause of Action.

### d. Plaintiff cannot state the Third Cause of Action, a negligence claim based on negligent formation or implementation of police operating procedure, because Defendants cannot be liable for policy under sovereign immunity.

Plaintiff alleges that Defendants are liable for negligent formation or implementation of police standard operating procedure. Defendants argue that because GovGuam cannot be liable for claims arising from an exercise of discretion in making policy, GovGuam cannot be liable here. 5 G.C.A. § 6105 (c). The Court agrees.

8

Plaintiff has provided no law that could indicate government liability for police operating procedures, nor could such law be provided. Guam law states, "the Government of Guam shall not be liable for claims arising from an exercise of discretion in making policy." *Id.* Policy includes the formation of rules and regulations that government agencies and their officials follow. *See Att'y Gen. v. Gutierrez*, 2011 Guam 10 ¶¶ 44–45. Clearly, GPD's creation of policy regarding police operating procedures would fall under the formulation of rules for a government agency. Thus, Defendants cannot be liable for this policy.

Therefore, Defendants' Motion to Dismiss is **GRANTED** concerning Plaintiff's Fourth Cause of Action.

**e. Plaintiff sufficiently pled the Fifth Cause of Action, a negligence claim, for failure to train police officers based on a theory that the ADA created an affirmative duty to modify policies and procedures to avoid discrimination.**

**i. Whether Plaintiff met the requirements to bring a cause of action under the ADA is irrelevant to Plaintiff's Cause of Action.**

Plaintiff alleges that the ADA and the federal regulations created to enforce the ADA create a governmental duty to "make modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7). Plaintiff alleges that Defendants did not follow this affirmative duty because they failed to train police officers to interact with individuals in mental distress such as Mr. Atoigue. Defendants argue that to bring a claim under the ADA, Plaintiff must allege that Mr. Atoigue was denied services because of his disability and must allege that the GPD acted with deliberate indifference to Mr. Atoigue's mental disability. 42. U.S.C. § 12132; *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002). The Court disagrees.

Plaintiff stated in its reply that the Fifth Cause of Action is not brought under the ADA, but rather that the ADA created a statutory duty. Thus, whether the requirements under the ADA were followed is irrelevant to Plaintiff's cause of action.

### ii. Plaintiff sufficiently alleges that the ADA creates an affirmative duty by GPD to train police officers on discrimination based on disability and that failure to train could result in a negligence claim.

Plaintiff alleges that the ADA and the federal regulations that enforce the ADA created a governmental duty to "make modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7). Plaintiff alleges that Defendants did not follow this affirmative duty because they failed to train police officers to interact with individuals in mental distress such as Mr. Atoigue. Defendants in the alternative argue that the plaintiff cannot bring this cause of action because GovGuam cannot be liable for claims arising from an exercise of discretion in making policy. 5 G.C.A. § 6105(c). The Court disagrees.

Although GovGuam is not liable for claims arising from an exercise of discretion in making policy, the ADA preempts Guam law as a federal statute. U.S. Const. art. VI cl. 2. The ADA does create a duty for state and territorial governments and their agencies to not discriminate against individuals on the basis of disability and to modify procedures to avoid discrimination, "unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 42. U.S.C. § 12132; *see also* 28 C.F.R. § 35.130(b)(7)(i). Disability is broadly construed to include any physical or mental state that "substantially limits one or more major life activities" of an individual with such an impairment. 28 C.F.R. § 35.108(a)(1)(i), (b)(1)(ii).

10

Construing the pleadings in favor of Plaintiff, the Court finds that Plaintiff has shown a set of facts that could allow this cause of action to proceed. *See First Hawaiian Bank*, 2007 Guam 2 at ¶ 9. Plaintiff has alleged that there was a possibility of discrimination based on Mr. Atoigue's depressive state because police were aware of Mr. Atoigue's mental distress and Mr. Atoigue's mental distress could have been the reason Police Officer #1 pulled the trigger on his or her weapon. It is possible that Mr. Atoigue's depressive state qualifies as a disability under the ADA because the definition of disability is defined broadly under the ADA. *See* 28 C.F.R. § 35.108(a)(1)(i), (b)(1)(ii). Plaintiff alleges that because police officers on the scene were not trained to interact with individuals in mental distress, police officers potentially engaged in discrimination against Mr. Atoigue based on his mental distress, which resulted in Mr. Atoigue's death. The lack of training could be a failure of the affirmative duty to modify procedures to avoid discrimination. 28 C.F.R. § 35.130(b)(7)(i). And Defendants do not sufficiently demonstrate in this motion that such training would "fundamentally alter the nature" of the services GPD provides. *Id.* The theory that a failure to train police officers negligently caused Mr. Atoigue's death is a factually possible scenario and meets Plaintiff's burden in the pleading stage.

Therefore, Defendants' Motion to Dismiss is **DENIED** concerning Plaintiff's Fifth Cause of Action.

2. **Defendants' Motion for a More Definite Statement under Rule 12(e) of the Guam Rules of Civil Procedure fails because Plaintiff sufficiently pled its Fifth Cause of Action and Defendants have already substantially responded to Plaintiff's Fifth Cause of Action.**

Rule 12(e) of the Guam Rules of Civil Procedure provides that "[if] a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before

interposing a responsive pleading." Guam R. Civ. P. 12(e). Such a motion must point out the defects complained of and the details desired. Id.

Rule 8 of the Guam Rules of Civil Procedure further provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Guam R. Civ. P. 8(a). Rule 8(a) "mean[s] a complaint need only provide 'fair notice of what plaintiff's claim is and the grounds upon which it rests.'" *Ukau v. Wang*, 2016 Guam 26 ¶ 22.

"When interpreting the plain language of Rule 8(a), [the Guam Supreme Court] has historically held that 'Guam law requires only notice pleading, not fact pleading.'" *Ukau*, 2016 Guam 26 at ¶ 21 (citing *Joseph v. Guam Bd. Of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9); *see also Guam Election Comm'n v. Responsible Choices for All Adults Coal.*, 2007 Guam 20 ¶ 94; *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Historically, Guam has only required "notice pleading' of a short and plain statement of the claim," and the Supreme Court of Guam has declined to adopt a heightened standard. *Ukau*, 2016 Guam 26 at ¶ 29.

Here, Defendants asserted that Plaintiff's Fifth Cause of Action was so ambiguous as to be impossible for Defendants to respond. However, Defendants did respond to the allegations Plaintiff asserted in its Complaint in Defendants' Motion to Dismiss. Defendants clearly state specific arguments that only apply to Plaintiff's Fifth Cause of Action. Plaintiff has also alleged facts and law sufficient to show the law that the cause of action is based on, the alleged facts Plaintiff asserts, and the relief sought. Plaintiff based this cause of action on a theory of negligence claiming that the ADA created a statutory obligation that GovGuam must follow by training police officers to interact with individuals in mental distress. Plaintiff alleges facts that could make this

12

cause of action possible. And Plaintiff asks for $100,000 in damages as a result of the alleged negligence.

Therefore, the Court **DENIES** Defendant's Motion for a More Definite Statement.

3. **Defendants failed to sufficiently meet the requirements under Rule 12(f) to strike from Plaintiff's Complaint the allegations of police violence against the mentally ill because this allegation is likely relevant to this case. However, Defendants do meet such requirements to strike allegations of police violence against Chamorros and Chuukese.**

Rule 12(f) of the Guam Rules of Civil Procedure provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure, federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority," *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10). Similar to Rule 12(f) of the Guam Rules of Civil Procedure, Rule 12(f) of the Federal Rules of Civil Procedure states, in relevant part, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Thus, the federal interpretation of the Federal Rule 12(f) is persuasive when interpreting Rule 12(f) of the Guam Rules of Civil Procedure.

"Federal courts have established a high standard for Rule 12(f) motions and will not grant motions to strike 'unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Ukau v. Wang*, No 1:11-CV-00030, 2012 WL 1503325, at *2 (D. Guam App. Div. Apr. 24, 2012) (*citing Bassett v. Ruggles*, 2009 WL 2982895, at *24). "'Relevent evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

be without the evidence." Guam R. Evid. 401. "'[M]otions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted,' even when they are 'technically appropriate and well-founded,' because striking is 'a drastic remedy.'" *LSM Techs Pty Ltd. v. Sy-Klone Co., LLC*, No. 3:22-CV-1019_BJD-MCR, 2023 WL 5938803, at *1 (M.D. Fla. Aug. 15, 2023) (quoting *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008)); *see also Wynes v. Kaiser Permanente Hosps.*, No. 2:10-CV-00702-MCE, 2013 WL 2449498 (E.D. Cal. June 5, 2013).

Here, while Defendants do address the Rule 12(f) standard, Plaintiff's claim regarding discrimination against the mentally ill by GPD could be relevant in Plaintiff's causes of action. Defendants assert that Plaintiff's claim regarding widespread discrimination against the mentally ill is "amorphous" and irrelevant. This assertion does address the Rule 12(f) standard because Defendants essentially assert that Plaintiff's allegations are immaterial to this case. This is incorrect. Discrimination against the mentally ill is the basis for much of Plaintiff's case, thus it is a relevant allegation that GPD may frequently engage in discrimination against the mentally ill. Plaintiff has no obligation to substantiate the claim at this stage in the pleadings so long as the claim is factually possible and based on law.

However, Plaintiff's assertion that GPD discriminates against Chamorros and Chuukese is not relevant to the case and, therefore, is struck from the record per Defendants' Motion. Plaintiff makes no assertions that race, color, or ethnicity are related to its tort claims. The complaint relies solely on discrimination based on Mr. Atoigue's mental illness. Whether GPD discriminates on the basis of race, color, or ethnicity "could have no possible bearing on the subject matter of the litigation" because it will not be used to prove or disprove the assertion that GPD discriminated against Mr. Atoigue on the basis of mental illness. *Ukau*, 2012 WL 1503325, at *2. And, because

of the irrelevance of discrimination on the basis of race, color, or ethnicity in this case, and the inflammatory nature of calling upon discrimination on this basis when it is not relevant to the subject matter of the case, it would not be a drastic remedy in this case.

Therefore, the Court **DENIES** Defendant's Motion to Strike as it pertains to GPD's alleged discrimination against the mentally ill and the Court **GRANTS** Defendant's Motion to Strike as it pertains to GPD's alleged discrimination against Chamorros and Chuukese.

## CONCLUSION

Viewing the disputed facts in the light most favorable to the non-moving party, the Court makes the following findings:

The Court agrees that Plaintiff failed to allege a set of facts which would entitle it to relief for the Second, Third, and Fourth Causes of Action regarding negligence. Therefore, the Court hereby **GRANTS** Defendants' Motion to Dismiss with respect to these claims.

The Court finds that it is possible for the Plaintiffs to prove a set of facts in support of their claim which would entitle them to relief under tort law for 1) negligence by Police Officer #1 and 2) failure to train. Accordingly, the Court hereby **DENIES** Defendants' Motion to Dismiss with respect to the First and Fifth Causes of Action.

The Court finds that Plaintiffs sufficiently plead their Fifth Cause of Action such that Defendants would be able to draft a responsive pleading. Accordingly, the Court hearby **DENIES** Defendants' Motion for a More Definite Statement.

The Court finds that Defendants did not provide sufficient reasoning to strike from the record Plaintiff's statements regarding GPD's alleged discrimination against the mentally ill. Therefore, the Court **DENIES** Defendants' Motion to Strike with respect to allegations that GPD discriminates on the basis of mental illness.

15

Finally, the Court finds that Defendants did provide sufficient reasoning to strike from the record Plaintiff's statements regarding GPD's alleged discrimination against Chamorros and Chuukese. Therefore, the Court **GRANTS** Defendants' Motion to Strike with respect to allegations that GPD discriminates against Chamorros and Chuukese.

SO ORDERED, this ____9/30/25____,


_____
HON. JOHN C. TERLAJE
Judge, Superior Court of Guam